UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BEN UMEZE,

                                          Plaintiff,

          -against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF FINANCE, NEW YORK CITY
DEPARTMENT OF BUILDINGS, THE MAYOR OF
THE CITY OF NEW YORK, PRESTON NIBLACK,
JIMMY ODDO

                                          Defendants.
-----------------------------------------------------------------X

24-CV-5523 (JPC) (KHP)

**REPORT AND RECOMMENDATION
ON MOTION TO DISMISS**

**TO:** THE HONORABLE JOHN P. CRONAN, UNITED STATES DISTRICT JUDGE
**FROM:** KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE

      Plaintiff Ben Umeze, proceeding pro se, brings this action against Defendants the City of New York, New York City Department of Finance, New York City Department of Buildings, the Mayor of the City of New York, Preston Niblack, and Jimmy Oddo asserting claims for violations of the Fourteenth Amendment due process clause and Fifth Amendment takings clause[1] of the United States Constitution stemming from the alleged misclassification and over-assessment of his real property. Before the Court for a Report and Recommendation is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. For the reasons stated below, I respectfully recommend that the Motion to Dismiss be GRANTED.

---

[1] Although Plaintiff does not plead a claim for a violation of the Fifth Amendment takings clause in his Complaint and instead raises such claim for the first time in his briefing papers, the Court construes Plaintiff's Complaint as pleading such a claim given the liberal pleading standard applied to pro se litigants. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

**BACKGROUND**

Plaintiff, a primary care physician and New York resident, is the owner of two real property lots located at 1421 and 1423 Glover Street, Bronx, New York 10462 (Lots 30 and 31). (Complaint ("Compl."), ECF No. 1 at ¶¶ 4, 11, 13)  Plaintiff operates a medical practice out of 1423 Glover Street, Bronx, New York 10462 (Lot 30). (*Id.* at ¶ 11)  Prior to Plaintiff's purchase of the lots, the lots were owned by a doctor who also operated a medical practice out of the property. (*Id.* at ¶ 14)

When Plaintiff purchased the lots in 1988, Lot 31 was classified as Building Class B1 (two-family brick home) and Tax Class 1 (residential property of up to three units), and Lot 30 was classified as Building Class S2 (office attached to the two-family brick home) and also Tax Class 1. (*Id.* at ¶ 15)  Plaintiff claims that after he purchased the lots, Defendants arbitrarily and capriciously reclassified Lot 30 to Building Class 07 (a class reserved for commercial professional standalone office buildings) and Tax Class 4 (a non-residential class reserved for standalone commercial entities). (*Id.* at ¶ 17)  Plaintiff has made no changes to the structure, function, or use of the lots since their purchase. (*Id.* at ¶ 16)

Plaintiff claims that the reclassification of Lot 30 has subjected him to higher property tax bills and overpayment of property taxes in excess of $600,000. (*Id.* at ¶¶ 18, 19)  In 2017, the mortgage for the lots was sold to a new bank that abandoned the tax payment agreement between Plaintiff and the City of New York resulting in an increase of Plaintiff's monthly mortgage payment. (*Id.* at ¶ 20)  On June 27, 2019, the new bank filed a foreclosure action

against Plaintiff that as of Plaintiff's filing of this action on July 22, 2024 had a decision pending on a Motion for Summary Judgment. (*Id.* at ¶ 21)

Plaintiff claims that based on these facts, Defendants violated his rights under the Fourteenth Amendment due process clause and Fifth Amendment takings clause. (ECF No. 1 at ¶ 29; ECF No. 34 at p. 4) Plaintiff seeks a declaratory judgment, injunctive relief and monetary damages for his injuries. (ECF No. 1 at ¶¶ 22-27)

## LEGAL STANDARD

1. Rule (12)(b)(1) Standard

A federal court has the inherent power under Rule 12(b)(1) to dismiss claims in which it lacks subject matter jurisdiction. *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). "A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *McIntosh v. United States*, 2018 WL 1275119, at *4 (S.D.N.Y. Mar. 7, 2018) (quoting *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014)). 28 U.S.C. § 1331 provides subject matter jurisdiction over federal questions – when the case involves a matter of federal law, a treaty, or provision of the United States Constitution. *See Glen 6 Associates v. Dedaj*, 770 F.Supp 225, 228 (S.D.N.Y. 1991). 28 U.S.C. § 1332 provides subject matter jurisdiction in diversity cases – when the amount in controversy is greater than $75,000 and the parties are from different states. 28 U.S.C. § 1332.

"Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison*, 547 F.3d at

3

170.  On a Rule 12(b)(1) motion, the party who invokes the Court's jurisdiction bears the burden of proof to demonstrate that jurisdiction exists, however all reasonable inferences are drawn in favor of the party asserting jurisdiction.  *McIntosh*, 2018 WL 1275119, at 3-4.

    2.  Rule (12)(b)(6) Standard

For a complaint to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  While detailed factual allegations are not required, the complaint must contain more than mere "labels and conclusions or formulaic recitation of the elements of a cause of action[]."  *Id.* (internal citations omitted).  In assessing a motion to dismiss, the Court must "accept[] all factual allegations as true, but giv[e] no effect to legal conclusions couched as factual allegations."  *Stadnick v. Lima*, 861 F.3d 31, 35 (2d Cir. 2017) (internal quotations omitted) (citing *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010)).

    3.  General Principles

The standards above apply to motions to dismiss complaints filed by pro se plaintiffs.  *Jenkins v. N.Y.C. Dep't of Educ.*, 2011 WL 5451711, at *3 (S.D.N.Y. Nov. 9, 2011).  However, the court must construe a pro se plaintiff's complaint liberally and interpret it as raising the strongest arguments it suggests.  *See Hill*, 657 F.3d at 122 (citation omitted).  Nevertheless, "dismissal of a pro se complaint is [] appropriate where a plaintiff has clearly

failed to meet the minimum pleading requirements." *Davila v. Lang*, 343 F. Supp. 3d 254, 266 (S.D.N.Y. 2018).  When evaluating a motion to dismiss, a court may consider "any written instrument attached to the complaint as an exhibit, any statements or documents incorporated by reference in the complaint, documents that are 'integral' to the complaint even if they are not incorporated by reference, and matters of which judicial notice may be taken." *See Donoghue v. Gad*, No. 21 CIV. 7182 (KPF), 2022 WL 3156181, at *2 (S.D.N.Y. Aug. 8, 2022).  The Court also may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Civ. P. 201(b).  "[M]atters of which the court takes judicial notice are not considered matters outside the pleadings; the Court may consider them when adjudicating a motion to dismiss without converting the motion to dismiss into a motion for summary judgment."  *Press v. Primavera*, 685 F. Supp. 3d 216, 224 (S.D.N.Y. 2023) (quoting *Sharette v. Credit Suisse Int'l*, 127 F. Supp. 3d 60, 75 (S.D.N.Y. 2015)).

## DISCUSSION

1. Subject Matter Jurisdiction

The Tax Injunction Act ("TIA") provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  "This prohibition is jurisdictional and operates to strip the federal courts from exercising subject matter jurisdiction over claims for both declaratory and injunctive relief."  *Nasca v. New York State Dep't of Tax'n & Fin.*, No. 20-CV-243 (WFK) (LB), 2021 WL 1438301, at *3 (E.D.N.Y. Mar.

5

12, 2021) (citing *Bernard v. Village of Spring Valley*, 30 F.3d 294, 297 (2d Cir. 1994)).  The TIA deprives a court of subject matter jurisdiction over a claim if (1) "the surcharges [] constitute 'taxes,'" and (2) "the state remedies available to plaintiffs [are] 'plain, speedy, and efficient.'" *Ass'n for Accessible Meds. v. James*, 974 F.3d 216, 221 (2d Cir. 2020) (citation omitted).  The United States Supreme Court and the Second Circuit have consistently found that New York courts provide the "plain, speedy and efficient remedy" contemplated by the TIA.  *See, e.g., Tully v. Griffin, Inc.*, 429 U.S. 68, 76–77 (1976); *Abuzaid v. Mattox*, 726 F.3d 311, 316 (2d Cir. 2013).

Further, the comity doctrine "restrains federal courts from entertaining claims for relief that risk disrupting state tax administration" and "does not permit federal courts to award damages in state taxation cases when state law provides an adequate remedy."  *Levin v. Commerce Ener Inc.*, 560 U. S. 413, 417 (2010).  Where plaintiffs' "own tax liability" is at issue, state courts and agencies are better suited than federal courts to hear such cases.  *Dorce v. City of New York*, 2 F.4th 82, 100 (2d Cir. 2021) (quoting *Levin*, 560 U.S. at 430).

Here, Plaintiff's claim is premised on allegations of changes to the tax classification and assessment of his real property, which resulted in higher property taxes.  The surcharges at issue in Plaintiff's case constitute real property taxes, which are Plaintiff's own tax liability.  Further, both the United States Supreme Court and the Second Circuit have already found that New York courts provide the "plain, speedy and efficient remedy" contemplated by the TIA in cases such as that of Plaintiff.  *See, e.g., Tully*, 429 U.S. at 76–77; *Abuzaid*, 726 F.3d at 316.  Therefore, the TIA deprives this Court of subject matter jurisdiction over Plaintiff's case.  *See*

*Glob. Leadership Found. v. City of New York*, No. 21CV10942 (DLC), 2022 WL 2788398, at *1 (S.D.N.Y. July 15, 2022), *aff'd*, No. 22-2095, 2023 WL 3144043 (2d Cir. Apr. 28, 2023) (finding that this Court lacked subject matter jurisdiction over plaintiff's case as barred by the TIA and the comity doctrine, where Plaintiff challenged real property tax assessments and its own tax liability).

Further, the comity doctrine also bars this Court from exercising subject matter jurisdiction over Plaintiff's case because interference by this Court in Plaintiff's case would risk disrupting state tax administration. *See Levin*, 560 U. S. at 417. And, in any event, New York state courts and agencies are better suited than this Court to hear Plaintiff's case, since Plaintiff's own tax liability is at issue. *See Dorce*, 2 F.4th at 100 (quoting *Levin*, 560 U.S. at 430).

Plaintiff's argument that this case goes beyond mere disputes over tax assessments and tax liability and is instead a case involving violations of the Fourteenth Amendment due process clause and Fifth Amendment takings clause is unpersuasive. Contrary to his argument, Plaintiff's claims, at their core, challenge the tax assessment of his property and his own tax liability for which Plaintiff seeks a declaratory judgment, injunctive relief and monetary damages. Both the TIA and comity doctrine bar such claims from being heard in this Court. *See Long Island Lighting Co. v. Town of Brookhaven (LILCO)*, 889 F.2d 428, 429, 431 (2d Cir. 1989) (finding that the TIA and comity doctrine barred action in federal court seeking declaratory, injunctive, and monetary relief for plaintiff's excessive tax liability claim allegedly involving a violation of the Fourteenth Amendment due process and equal protection clauses); *see also Greenberg v. Town of Scarsdale*, No. 09-CV-2281, 2009 WL 7765836, at *2-3 (S.D.N.Y. Oct. 16,

7

2009) (finding that the TIA barred action in federal court seeking declaratory, injunctive, and monetary relief for plaintiff's excessive tax assessments claim allegedly involving a violation of Fifth and Fourteenth Amendment equal protection and due process rights).  Therefore, this Court lacks subject matter jurisdiction over Plaintiff's case.

Because both the TIA and comity doctrine bar this Court from exercising subject matter jurisdiction over this case, I do not address whether Plaintiff satisfies the pleading requirement to survive the motion under Rule 12(b)(6).

2. <u>Leave to Amend</u>

Pursuant to Rule 15(a)(2), a court "should freely give leave [to amend a complaint] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Dismissal with prejudice is proper only where the deficiencies with the complaint are incurable.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming dismissal of complaint with prejudice because "[t]he problem with [plaintiff's] causes of action is substantive; better pleading will not cure it.").  Where the plaintiff is proceeding pro se, '[d]istrict courts should generally not dismiss a pro se complaint without granting the plaintiff leave to amend" unless amendment "would be futile."  *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013).  It is "within the sound discretion of the district court to grant or deny leave to amend."  *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018).

In this case, providing Plaintiff with leave to amend his complaint would be futile, since his claims are barred from being brought in federal court by both the TIA and comity doctrine.  *See Ashmore*, 510 F. App'x at 49.  Further, Plaintiff has provided no indication that if granted leave to amend he could or would provide additional allegations leading to a different result.

*See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (finding that leave to amend is appropriate where there is an indication that plaintiff could or would provide additional allegations leading to a different result).  Therefore, I recommend that Plaintiff not be provided with leave to amend his complaint, as such leave would be futile.

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Motion to Dismiss be GRANTED.

Dated: July 10, 2025
       New York, New York

Respectfully submitted,

_____
KATHARINE H. PARKER
United States Magistrate Judge

**NOTICE**

**Plaintiff shall have seventeen days, and Defendants shall have fourteen days, from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.** *See also* **Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)). A party may respond to another party's objections after being served with a copy. Fed. R. Civ. P. 72(b)(2).**

**Plaintiff shall have seventeen days to serve and file any response. Defendants shall have fourteen days to serve and file any response. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable John P. Cronan at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties.** *See* **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Cronan. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal.** *See* **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b);** *Thomas v. Arn*, **474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).**