UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
                                                :
BEN UMEZE,                                         :

                         Plaintiff,                :

             -v-                       :        24 Civ. 5523 (JPC) (KHP)

NEW YORK CITY DEPARTMENT OF FINANCE, *et al.*, :       ORDER ADOPTING
                                                :          REPORT AND
             Defendants.              :    RECOMMENDATION
                                                :
----------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

      Plaintiff Ben Umeze brings this action challenging Defendants' reclassification for tax purposes of the property where he operates his medical practice, which reclassification has allegedly resulted in higher property taxes. Dkt. 1. He seeks a declaratory judgment that the reclassification "is arbitrary, capricious, and unlawful," *id.* ¶ 23, seeks an injunction requiring Defendants to reclassify the property, *id.* ¶ 25, alleges violations of his due process rights under the Fourteenth Amendment to the U.S. Constitution, *id.* ¶ 29, and requests compensatory damages, *id.* ¶ 27.[1]

      On July 10, 2025, the Honorable Katharine H. Parker, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned dismiss this case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), as barred by the Tax Injunction Act, 28 U.S.C. § 1341, as well as principles of comity. R&R at 5-

---

[1] Judge Parker's July 10, 2025 Report and Recommendation also construes Plaintiff's Complaint to plead a claim for a violation of the Fifth Amendment Takings Clause. *See* Dkt. 43 ("R&R") at 1 n.1.

8. Judge Parker also recommended that undersigned deny Plaintiff the opportunity to amend his Complaint on futility grounds. *Id.* at 8-9.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised that "Plaintiff shall have seventeen days, and Defendants fourteen days, from service of th[e] Report and Recommendation" to file any objections, and warned that failure to timely file such objections would result in waiver of those objections for purposes of appeal. R&R at 10. No objections to the Report and Recommendation have been filed and the time for making any objections has passed. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded. Accordingly, the Court adopts the Report and Recommendation in its entirety, denies Plaintiff leave to amend his Complaint, and dismisses this case without prejudice for lack of subject matter jurisdiction. The Clerk of Court is respectfully directed to close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 30, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge